UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIANNE DILLEY,

    Plaintiff,

    v.

METROPOLITAN LIFE INS. CO., et al.

    Defendants.

_____/

No. C 07-1831 PJH

**ORDER GRANTING MOTION FOR LEAVE TO CONDUCT DISCOVERY IN PART AND DENYING IT IN PART**

    Plaintiff's motion for leave to conduct discovery came on for hearing before this court on December 5, 2007. Plaintiff appeared by her counsel Lissa A. Martinez, and defendants Metropolitan Life Insurance Company ("MetLife"), et al., appeared by their counsel Michael N. Westheimer. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows for the reasons stated at the hearing.

    1.    Pursuant to the agreement of the parties, the request to propound Interrogatory Nos. 1-4 is GRANTED.

    2.    The request to propound Interrogatory No. 5 is GRANTED.

    3.    The request to propound Interrogatory No. 6 is DENIED.

    4.    The request to propound Document Request Nos. 1 and 2 is GRANTED, as to the contract between MetLife and Network Medical Review Company, Ltd. ("NMR").

    5.    The request to propound Document Request No. 11 is GRANTED, but the request shall be limited to plaintiff's condition only.

    6.    The request to propound Document Request Nos. 4, 5, and 15 is GRANTED.

7. The request to propound Document Request Nos. 3, 6-10, and 12-14 is DENIED.

8. The request for leave to depose MetLife employees Stacey Friend and Sharon Muldrow is DENIED.

9. The request for leave to depose Dr. M. Marc Soriano is GRANTED, as to the subjects proffered – including Dr. Soriano's his relationship with MetLife; the structure of his pay; his relationship with any medical review services used by MetLife, including NMR; the amount he is paid per medical review conducted for MetLife; the number of reviews he has conducted for MetLife; the amount of time spent on medical reviews for MetLife; and whether his compensation is tied to his medical findings. However, plaintiff may not depose Dr. Soriano with regard to his training and experience, or with regard to his knowledge of the guidelines for approving or rejecting disability claims.

As for the documents listed in Attachment "A" to the proposed Soriano deposition subpoena, Dr. Soriano need not produce documents responsive to No. 3 (documents regarding procedures to be followed in review of medical records) or No 6 (personnel file kept by NMR on Dr. Soriano).

10. The request to conduct Rule 30(b)(6) depositions is DENIED.

11. Plaintiff's counsel shall provide defendants' counsel with a list of the discovery requests that have been approved by the court, and the parties will then meet and confer to resolve the timing of discovery. Discovery must be complete before the filing of dispositive motions.

12. Pursuant to the parties' agreement, as stated on the record, each side will file its motion for summary judgment no later than April 2, 2008.

**IT IS SO ORDERED.**

Dated: December 11, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

2